Pee. Cukiam:.
 

 A settlement of this sort, made with commissioners appointed by the County Court, especially when
 
 ex
 
 parte, as this was, cannot be
 
 prima facie
 
 good, unless the vouchers were all filed in the court office, and were accessible to all persons; nor unless the account, each article composing it, is set forth with particularity. And even when it is
 
 prima fade
 
 evidence, it continues so no longer after any irregularity appears in the taking of it, as when articles appear to have been allowed to the administrator which are manifestly wrong. Nor does it continue so where in the statement made of it by the defendant he does not rely upon it as a bar, but speaks in his answer of producing his vouchers; or where it speaks of articles which are mentioned for the purpose of being examined. In the settlement annexed to this answer, an allowance is made to the administrator for his daily attendance on the business of the administration, and also an allowance of five per cent, on the whole sums credited. There are also several articles allowed which are the aggregate of sums paid, without setting out the smaller sums which compose it. He also mentions that he will produce the vouchers, &c., not resting upon the settlement. The administrators must be decreed to account, and the account must be taken by the master, &c. And they were, by an interlocutory decree, ordered to account accordingly.
 

 See
 
 Stephenson
 
 v.
 
 Stephenson,
 
 3 Hay. 123, and note
 
 sub fin.